UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAAVON COX,<br><br>       Plaintiff,<br><br>    v.<br><br>FORD MOTOR COMPANY, et al.,<br><br>       Defendants. | Case No. 21-cv-05386-HSG<br><br>**ORDER GRANTING MOTIONS TO DISMISS**<br><br>Re: Dkt. No. 13 |
| DAAVON COX,<br><br>       Plaintiff,<br><br>    v.<br><br>FORD MOTOR COMPANY, et al.,<br><br>       Defendants. | Case No. 21-cv-05388-HSG<br><br>Re: Dkt. No. 13 |

Pending before the Court are motions to dismiss filed by Defendant Ford Motor Company in these two related cases. The Court finds these matters appropriate for disposition without oral argument and the matters are deemed submitted. *See* Civil L.R. 7-1(b). For the reasons detailed below, the Court **GRANTS** the motions.

**I.   BACKGROUND**

Plaintiff Daavon Cox initially filed these actions pro se in Alameda Superior Court. Plaintiff brough the first case, *Cox v. Ford Motor Company*, 21-cv-05386-HSG ("*Cox I*"), against Defendants Ford Motor Company and Edward Welburn, the former Vice President of Global Design for General Motors. *See* Dkt. No. 13 at 1, n.1. Plaintiff alleges four causes of action: (1) motor vehicle negligence; (2) general negligence; (3) "intentional tort"; and (4) "broken agreement," which the Court interprets as a breach of contract claim. *See Cox I*, Dkt. 1-2, Ex. A at

10. Plaintiff contends that he lost wages and the use of his property as a result of Defendants' conduct. *Id.* He therefore seeks "return of property and funds," compensatory damages, and punitive damages in the amount of $50 million. *Id.* Rather than provide a written explanation of his claims, Plaintiff attaches two handwritten diagrams. *Id.* at 4. As far as the Court can discern, the diagrams appear to include various automotive companies, websites, and individuals connected by lines and arrows. *Id.* Plaintiff does not explain how these individuals and entities are related to each other or to his legal claims in this case.

Plaintiff brought the second case, *Cox v. Ford Motor Company*, 21-cv-05388-HSG ("*Cox II*"), against Defendants Ford Motor Company and Edward Welburn. He also lists Elon Musk as an agent or employee of Defendants. *See Cox II*, Dkt. No. 1-2, Ex. A at 8. Plaintiff alleges three causes of action: (1) general negligence; (2) "intentional tort"; and (4) "conversion/theft." *Id.* at 9. Plaintiff contends that he sustained significant damages, including losing the "use of patents and copyrights due to other companies using designs and ideas." *See id.* He seeks $500 million in compensatory and punitive damages. *Id.* The complaint appears to attach the same diagrams from *Cox I*. *See id.* at 10–11. But unlike in *Cox I*, Plaintiff also provides a brief narrative explaining his claims.

According to Plaintiff, he developed car designs and technology. *Id.* at 12. In 1993 he was "forced under duress to sign [a] contract from Ford for universal likeness." *Id.* In exchange, Plaintiff was supposed to receive money, houses, and vehicles for his designs. *See id.* Plaintiff suggests that between 1993 and 2002 Defendants breached this contract and "pass[ed] off" his "unique designs" as their own. *Id.*

## II.   LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable

to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nevertheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

Additionally, "[p]leadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation omitted). However, even a "liberal interpretation of a . . . complaint may not supply essential elements of the claim that were not initially pled." *See Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "[P]ro se litigants are bound by the rules of procedure," *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995), which require "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a).

### III. DISCUSSION

At the outset, the Court notes that Plaintiff failed to respond to the motions to dismiss. Plaintiff's failure to oppose the motions to dismiss is sufficient grounds on its own to grant the motions. *See* Local Rule 7-3(a) ("The opposition must be filed and served not more than 14 days after the motion was filed."). The Court cautions Plaintiff that he is expected to comply with all Court deadlines in future.

Even considering the substance of the motions, the Court finds that dismissal is warranted. Plaintiff's complaints lack sufficient factual detail for the Court to determine (1) what he believes happened; (2) when the alleged conduct occurred; and most importantly (3) whether Defendants may be liable for any misconduct. Moreover, to the extent that all the alleged conduct in these cases occurred between 1993 and 2002, it is likely that these claims are barred by the applicable statutes of limitations. But in any event, even liberally construed, Plaintiff's allegations that Defendants misappropriated his car designs are conclusory and speculative, and insufficient to state a claim on which relief can be granted. "Although a pro se litigant . . . may be entitled to great leeway when the court construes his pleadings, those pleadings nonetheless must meet some

minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. United States Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995). Plaintiff must provide sufficient factual detail for Defendants and this Court to evaluate his claims.

IV. **CONCLUSION**

Accordingly, the Court **GRANTS** the motions to dismiss. *See Cox I*, Dkt. No. 13; *Cox II*, Dkt. No. 13. However, despite these deficiencies, the Court cannot say at this stage that amending the complaint would be futile. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) ("[A] pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."). Plaintiff may still be able to allege sufficient facts to state a claim. *Lopez*, 203 F.3d at 1130. Plaintiff shall file an amended complaint by no later than May 27, 2022. Failure to file an amended complaint by this deadline may result in the dismissal of the action in its entirety without further leave to amend. In addition, Plaintiff's amended complaint will be dismissed if he does not correct the deficiencies the Court has identified in this order.

**IT IS SO ORDERED.**

Dated: 4/28/2022

HAYWOOD S. GILLIAM, JR.
United States District Judge