UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAAVON COX,<br><br>    Plaintiff,<br><br>v.<br><br>FORD MOTOR COMPANY, et al.,<br><br>    Defendants. | Case No. 21-cv-05386-HSG<br><br>**ORDER TO SHOW CAUSE**<br><br>Re: Dkt. No. 36 |
| DAAVON COX,<br><br>    Plaintiff,<br><br>v.<br><br>FORD MOTOR COMPANY, et al.,<br><br>    Defendants. | Case No. 21-cv-05388-HSG<br><br>Re: Dkt. No. 34 |

Plaintiff Daavon Cox initially filed these actions pro se in Alameda Superior Court. Plaintiff brough the first case, *Cox v. Ford Motor Company*, 21-cv-05386-HSG ("*Cox I*"), against Defendants Ford Motor Company and Edward Welburn, the former Vice President of Global Design for General Motors. *See* Dkt. No. 13 at 1, n.1. Plaintiff brought the second case, *Cox v. Ford Motor Company*, 21-cv-05388-HSG ("*Cox II*"), against Defendants Ford Motor Company and Edward Welburn. He also listed Elon Musk as an agent or employee of Defendants. *See Cox II*, Dkt. No. 1-2, Ex. A at 8. On April 28, 2022, the Court granted Defendant Ford Motor Company's motions to dismiss the claims in both cases. In the order, the Court gave Plaintiff until May 27, 2022, to amend the complaints to address the deficiencies that the Court identified. The Court further cautioned that failure to file an amended complaint by this deadline may result in the dismissal of the action in its entirety without further leave to amend. As of the date of this order,

however, Plaintiff has not amended the complaints in *Cox I* or *Cox II*.

Federal Rule of Civil Procedure 41(b) provides that where a "plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." But a defendant need not file a motion in order for a district court to dismiss a case under Rule 41(b). As the Supreme Court has explained, "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs." *See Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962).

Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE** why this case should not be dismissed without prejudice for failure to prosecute. Plaintiff shall file a statement of no more than two pages by July 11, 2022.

**IT IS SO ORDERED.**

Dated:  6/15/2022

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge