1
2
3
4                          UNITED STATES DISTRICT COURT
5                        NORTHERN DISTRICT OF CALIFORNIA
6
7    DAAVON COX,                              Case No. 21-cv-05386-HSG
8                       Plaintiff,            **ORDER DISMISSING CASES**
9              v.                             Re: Dkt. No. 38
10   FORD MOTOR COMPANY, et al.,
11                     Defendants.

12   DAAVON COX,                              Case No. 21-cv-05388-HSG
13                       Plaintiff,           Re: Dkt. No. 37
14             v.
15   FORD MOTOR COMPANY, et al.,
16                     Defendants.
17

18        Plaintiff Daavon Cox initially filed these actions pro se in Alameda Superior Court.

19   Plaintiff brough the first case, *Cox v. Ford Motor Company*, 21-cv-05386-HSG ("*Cox I*"), against

20   Defendants Ford Motor Company and Edward Welburn, the former Vice President of Global

21   Design for General Motors.  *See* Dkt. No. 13 at 1, n.1.  Plaintiff brought the second case, *Cox v.*

22   *Ford Motor Company*, 21-cv-05388-HSG ("*Cox II*"), against Defendants Ford Motor Company

23   and Edward Welburn.  He also listed Elon Musk as an agent or employee of Defendants.  *See Cox*

24   *II*, Dkt. No. 1-2, Ex. A at 8.  On April 28, 2022, the Court granted Defendant Ford Motor

25   Company's motions to dismiss the claims in both cases.  In the order, the Court gave Plaintiff until

26   May 27, 2022, to amend the complaints to address the deficiencies that the Court identified.  The

27   Court further cautioned that failure to file an amended complaint by this deadline may result in the

28   dismissal of the actions in their entirety without further leave to amend.  Plaintiff did not amend

United States District Court
Northern District of California

the complaints in *Cox I* or *Cox II*.  The Court therefore issued an order to show cause why the cases should not be dismissed for failure to prosecute.  *See Cox I*, Dkt. No. 37; *Cox II*, Dkt. No. 35.

Plaintiff filed late responses to the orders to show cause.  *See Cox I*, Dkt. No. 38; *Cox II*, Dkt. No. 37.  Critically, however, these responses do not explain why Plaintiff failed to file an amended complaint by the May 27 deadline, or how he could address the deficiencies the Court identified if given more time to amend.  As of the date of this order, Plaintiff has not filed any amended complaint.  The Court finds that Plaintiff's responses confirm that further leave to amend would be futile.  *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) ("Leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts, and should be granted more liberally to pro se plaintiffs.") (quotations omitted); *see also Brazil v. United States Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995) ("Although a pro se litigant . . . may be entitled to great leeway when the court construes his pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong.").  The Court therefore **DISMISSES** both actions without leave to amend. The Clerk is directed to enter judgment in favor of Defendants in *Cox I* and *Cox II* and to close the cases.

**IT IS SO ORDERED.**

Dated:   8/17/2022

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

United States District Court
Northern District of California

2